Edward Choi, OSB No. 135673
Ed.Choi@millernash.com
MILLER NASH LLP
1140 SW Washington St, Ste 700
Portland, OR 97205
Phone: 503.224.5858 | Fax: 503.224.0155

Mara D. Curtis (SBN 268869)
(*pro hac vice forthcoming*)
mcurtis@reedsmith.com
Rafael N. Tumanyan (SBN 295402)
rtumanyan@reedsmith.com
(*pro hac vice forthcoming*)
Reed Smith LLP
515 South Flower St., Suite 4300
Los Angeles, CA  90071-1514
Phone: 213.457.8000 | Fax: 213.457.8080

*Attorneys for Defendant Safeway Inc.*

IN THE UNITED STATES DISTRICT COURT

OF THE STATE OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JASON WILSON, Individually and For Others Similarly Situated,<br><br>  Plaintiff,<br><br>  v.<br><br>SAFEWAY INC., a Delaware corporation,<br><br>  Defendant. | Case No.<br><br>DEFENDANT SAFEWAY INC.'S NOTICE OF REMOVAL |

**PLEASE TAKE NOTICE** that Defendant SAFEWAY INC. ("Safeway" or "Defendant") respectfully removes the instant action from the Circuit Court of the State of Oregon for the County of Coos to the United States District Court for the District of Oregon.

Page 1- DEFENDANT SAFEWAY INC.'S NOTICE OF REMOVAL

4925-7614-2636.1

Removal is proper because this Court has original jurisdiction over Plaintiff's claims under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), and this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a), on the following grounds:

I.  **BACKGROUND AND SUMMARY OF PLEADINGS**

1. Plaintiff JASON WILSON ("Plaintiff") is a former employee of Safeway. Plaintiff was employed by Safeway in Coos Bay, Oregon as a deli clerk from approximately August 2023 until August 2024. *See* Compl. ¶¶ 12, 24.

2. On January 20, 2025, Plaintiff, individually and on behalf of a putative class of "All hourly employees who worked for Safeway in its stores in Oregon at any time during the last 6 years" filed a class-action complaint ("Complaint") in the Circuit Court of the State of Oregon for the County of Coos, Case No. 25CV03910 ("State Court Action"). True and correct copies of all pleadings and orders served upon Defendant in the state court action are attached hereto.

3. Plaintiff's Complaint alleges three causes of action for: (1) failure to timely pay all wages in connection with predictive work scheduling violations (ORS § 653.455); (2) interference with Oregon predictive work scheduling (ORS §§ 653.470, 659A.855); and (3) failure to timely pay earned wages upon termination (ORS § 652.140).

## II. STATEMENT OF JURISDICTION UNDER CAFA

4. This Court has jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), which amended 28 U.S.C. § 1332 to provide that a putative class action is removable to federal court if the proposed class members number at least 100; the amount in controversy exceeds $5,000,000, exclusive of interests and costs; and one member of the proposed class is a citizen of a state different from any defendant. See 28 U.S.C. § 1332(d). The Act authorizes removal of such actions pursuant to 28 U.S.C. § 1446. As demonstrated below, this action meets all of CAFA's removal requirements and is timely and properly removed by the filing of this Notice.

5. Section 4 of CAFA sets forth the general rule that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

6. Section 4 of CAFA further states that the jurisdictional rule set forth in 28 U.S.C. § 1332(d)(2) applies only to class actions in which the number of members of all proposed plaintiff classes, in the aggregate, is 100 or more. See 28 U.S.C. § 1332(d)(5).

7. The State Court Action is a civil action over which this Court has

jurisdiction pursuant to CAFA, 28 U.S.C. § 1332(d), and this action may be removed by a defendant pursuant to the provisions of 28 U.S.C. § 1441(a), because the proposed plaintiff class consists of at least 100 members, the total amount in controversy exceeds $5,000,000, and there is diversity between at least one proposed class member and one defendant.

8. Venue is proper in the United States District Court for the District of Oregon, pursuant to 28 U.S.C. §§ 1441 and 1446(a). The State Court Action was originally brought in the Circuit Court of the State of Oregon for the County of Coos, which is located within the District of Oregon. Venue is proper with this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

9. Safeway is the only defendant that has been named and served in this matter. Therefore, all defendants that have been named and served join in the removal.

10. Plaintiff brought this action on behalf of himself and a putative class pursuant to Oregon Rule of Civil Procedure 32. *See* Compl., ¶ 49. Plaintiff seeks to represent a class defined as "All hourly employees who worked for Safeway in its stores in Oregon at any time during the last 6 years." (the "Hourly Employees"). *See* Compl., ¶ 17.

## The Purported Class Contains At Least 100 Members

11. In the Complaint, Plaintiff alleges that "[t]he putative class of Hourly Employees contains over 50 members and is so numerous that joinder of each individual would be impracticable." *See* Compl., ¶ 53. More specifically, Plaintiff alleges in the Complaint that Safeway "employs more than 500 such employees." *See* Compl., ¶ 22.

12. Based on a review of its business records, Safeway has determined that the aggregate number of hourly employees employed by Safeway in Oregon during the six-year period alleged in the Complaint is 52,917 individuals. (Declaration of Michael Zagerman, ¶ 3). Therefore, there are well over 100 putative class members.

## There Is Diversity of Citizenship Between
## At Least One Proposed Class Member And One Defendant

13. CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C §§ 1332(d)(2)(A); 1453(b). Minimal diversity of citizenship exists here because Plaintiff and Safeway are citizens of different states, since Plaintiff is a citizen of Oregon, while Safeway is a citizen of Delaware and California.

14. **Plaintiff's Citizenship.** For diversity purposes, a person is a "citizen" of the state in which they are domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1091 (9th Cir. 1983). A person's domicile is the place he or she resides

with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

15. Allegations on information and belief as to citizenship are sufficient to support removal. *See Ehrman v. Cox Communications*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("[A] defendant's allegations of citizenship may be based solely on information and belief."). Safeway is informed and believes that Plaintiff is at the time of filing this Notice of Removal and was, at the time of filing the Complaint in the State Court Action, a citizen of the State of Oregon, within the meaning of 28 U.S.C. Section 1332(a). According to the Complaint, Plaintiff "worked for Safeway in Coos Bay, Oregon as a deli clerk from approximately August 2023 until August 2024." *See* Compl., ¶ 12; *see also Lew v. Moss*, 797 F.2d 747, 751 (9th Cir. 1986) (allegations of residency in a state court complaint can create a rebuttable presumption of domicile supporting diversity of citizenship); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency "created a presumption of continuing residence in [state] and put the burden of coming forward with contrary evidence on the party seeking to prove otherwise").

16. Moreover, Plaintiff worked at one of Defendant's store in Oregon, and he provided an Oregon address for payroll purposes while employed by Defendant. *See* Declaration of Michael Zagerman, ¶ 5; *see also Lundquist v. Precision Valley*

*Aviation, Inc.*, 946 F.2d 8, 11-12 (1st Cir. 1991) (manifestations of domiciliary intent include length of residence, place of employment); *Altimore v. Mt. Mercy College*, 420 F.3d 763, 768-69 (8th Cir. 2005) (manifestations of domiciliary intent include length of residence, place of employment). In short, Defendant is informed and believes that Plaintiff was domiciled in Oregon, and was a citizen of Oregon for purposes of removal.

17.    **Defendant Safeway Inc.'s Citizenship**[1]. For purposes of determining citizenship under CAFA, the citizenship of a corporation is "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). "Principal place of business means the corporate headquarters where a corporation's high level officers direct, control, and coordinate its activities on a day-to-day basis, also known as the corporation's 'nerve center.'" *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81, 92–93 (2000). A corporation's nerve center is a "single place" and "should normally be the place where the corporation maintains its headquarters." *Id.* at 93.

---

[1] CAFA's "home state" exception does not apply to this case. The home state exception requires: (1) two-thirds or more of the members of the proposed class in aggregate to be citizens of the state in which the action is filed; and (2) all the "primary defendants" to be citizens of the state in which the action is filed. 28 U.S.C. § 1332(d)(4)(B); *Harrington v. Mattel, Inc.*, 2007 WL 4556920, at *5 (N.D. Cal. Cal. Dec. 20, 2007). Here, Defendant is not a citizen of Oregon and thus the "home state" exception does not apply. Similarly, CAFA's "local controversy" exception is not applicable because Defendant is not a citizen of Oregon and thus all requirements per 28 U.S.C. § 1332(d)(4) cannot be met.

Page 7- DEFENDANT SAFEWAY INC.'S NOTICE OF REMOVAL

4925-7614-2636.1

18. Safeway is now, and was at the time this action was commenced, a citizen of the states of Delaware and California within the meaning of 28 U.S.C. § 1332. Per Plaintiff's Complaint, "Safeway is a Delaware corporation with its principal place of business in Pleasanton, California." *See* Compl., ¶ 18. In *Hertz Corp. v. Friend*, the United States Supreme Court held that the "nerve center" test is used to determine a corporation's "principal place of business." 559 U.S. 77, 92-93 (2010). Safeway's principal place of business is in California because that is where the company's headquarters is located and where the company's core executive and administrative functions are carried out.[2] *See* Declaration of Maria Fernandez, ¶ 5.

19. **No Other Parties.** Apart from Plaintiff and Safeway, there are no other named parties to this action.

### The Alleged Amount In Controversy Exceeds $5,000,000

20. Under CAFA, the articulated claims of all class members are aggregated to determine whether the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(6). Significantly, Congress intended federal jurisdiction to exist under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the

---

[2] These factors have previously been considered by courts in determining a corporation's "nerve center." *See, e.g., Inger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D. Cal. 1964); *see also, State Farm Fire & Cas. Co. v. Byrd*, 710 F. Supp. 1292, 1293 (N.D. Cal. 1989).

type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Staff of S. Comm. On the Judiciary, 109th Cong., Rep. on The Class Action Fairness Act of 2005, 42 (Comm. Print 2005). The Senate Judiciary Committee's Report on the final version of CAFA also makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *Id.* at 43 ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

21.  When determining the amount that a plaintiff has placed in controversy, a court must "assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Cain v. Hartford Life & Accident Ins. Co.*, 890 F. Supp. 2d 1246, 1249 (C.D. Cal. 2012) (internal citations omitted). The District Court considers the allegations of the Complaint, the contents of the removal petition and evidence, such as declarations, in order to determine whether the jurisdictional amount in controversy is met. *See Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018). Accordingly, Safeway may establish the amount in controversy by referencing Plaintiff's allegations and/or by setting forth facts in the notice of removal that demonstrate that the amount in controversy is more likely than not to exceed the

jurisdictional minimum. Indeed, the ultimate inquiry is the amount put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe following a trial, if any. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005).

22.     Safeway denies Plaintiff's allegations of misconduct and intends to defend itself vigorously against Plaintiff's causes of action. Nevertheless, and without admitting that Plaintiff and/or any member of the putative class can recover any damages, when one considers the number of alleged Putative Class Members, the number of alleged violations of Oregon law, the statute of limitations period embraced by the claims, and the class definition alleged in the State Court Action, the aggregate amount in controversy presented by the case exceeds $5,000,000 for purposes of removal based on the following:

23.     For purposes of determining the aggregate amount in controversy for this motion, the putative class includes hourly employees who worked for Safeway in its stores in Oregon at any time during the past six years. Plaintiff alleges in the Complaint that Safeway "employs more than 500 such employees." *See* Compl., ¶ 22. Based on a review of its employment records, Safeway employed at least 52,917 hourly employees in Oregon during the six-year period relevant to this action who worked at approximately 3,259,226 work weeks.  *See* Declaration of Michael Zagerman, ¶ 3. The below calculations are conservatively based on estimates

regarding Safeway's hourly employees in Oregon during the six-year statute of limitations period:

24. **Unpaid Wages for Schedule Changes (First Cause of Action)**: Plaintiff alleges that Safeway regularly altered employee work schedules without providing at least 14 days advance notice. *See* Compl. ¶¶ 5-6, 14-15, 37-41. Under Oregon law, specifically ORS § 653.455(2)(a), for each instance where an employer fails to provide at least 14 days notice of work schedules, and when the employer adds more than 30 minutes of work, employees are entitled to one hour of wages at their regular rate of pay. Similarly, under ORS § 653.455(2)(b), for each instance where an employer reduces hours or cancels shifts, employees are entitled to half-time pay for the hours reduced.  Taking a conservative estimate of 1 instance of adding, changing, or failing to timely provide work hours to an employee's schedule for every 4 workweeks, this would generate 814,806 such violations.  Taken this many violations at even the lowest minimum wage rate in effect during the putative class period, which is $10.75 per hour (which is lower than the regular rate of pay that an employee would be entitled), this would be $8,759,164 in controversy.  [3,259,226 workweeks divided by 4 = 814,806 violations multiplied by $10.75 = $8,759,164]  *See also* ORS 653.025.

25. In addition, Plaintiff seeks attorneys' fees from Safeway.  *See* Compl. p. 12, ¶¶ f, g. The Ninth Circuit has explicitly held that "a court must include future

attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018). These do not even need to be taken into account – as with other forms of damages and exposure – given the foregoing amount in controversy articulated in the preceding paragraphs.

26. Therefore, just taking the amount in controversy based upon the first cause of action for unpaid wages, the total amount in controversy is $8,759,164, which exceeds the $5,000,000 jurisdictional threshold under CAFA. This conservative calculation does not even include the second cause of action for interference with Oregon predictive work scheduling, third cause of action for unpaid wages upon termination, or other potential damages or penalties. Were the additional claims and other costs/fees included, the amount in controversy would be even higher.

27. In sum, through Safeway's own investigation and calculations as set forth herein, a preponderance of the evidence supports removal of this matter because CAFA jurisdiction has been established. Therefore, removal of this matter is appropriate.

## III.  OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

28. **Removal Was Timely.** Safeway was served with the Summons and Complaint on February 18, 2025. This Notice is timely filed in accordance with 28 U.S.C. § 1446(b), because less than thirty (30) days have elapsed since Defendant received the pleadings setting forth the claims for relief upon which this removal is based.

29. **State Court Within this Court's Jurisdiction.** Venue is proper with this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The Circuit Court of the State of Oregon for the County of Coos is within the jurisdiction of the United States District Court for the District of Oregon.

30. **Consent to Removal.** Safeway is the only named defendant in this action, and therefore no other defendant's consent to removal is required.

31. **State Court Pleadings Attached.** In compliance with 28 U.S.C. § 1446(a), true and correct copies of all "process, pleadings and orders" from the state court action served on Defendant or filed by Defendant are attached hereto.

32. **Filing and Service of Notice of Removal.** A copy of this Notice of Removal will promptly be served on Plaintiff and filed with the Circuit Court of the State of Oregon for the County of Coos in accordance with 28 U.S.C. § 1446(d).

## IV. RESERVATION OF RIGHTS

33. This Notice of Removal is filed subject to and with full reservation of rights, including but not limited to defenses and objections to venue, improper service, and personal jurisdiction. No admissions are intended hereby as to the propriety of liability or damages with respect to any aspect of this case, and all defenses, motions, and pleas are expressly reserved.

///

///

///

///

///

///

///

///

///

///

///

///

**WHEREFORE**, Defendant requests that the above action pending before the Circuit Court of the State of Oregon for the County of Coos be removed to the United States District Court for the District of Oregon.

Dated:   March 20, 2025

MILLER NASH LLP

s/Ed Choi
Edward Choi, OSB No. 135673
Ed.Choi@millernash.com
Phone: 503.224.5858 | Fax: 503.224.0155

Mara D. Curtis (SBN 268869) (*pro hac vice forthcoming*)
mcurtis@reedsmith.com
Rafael N. Tumanyan (SBN 295402) (*pro hac vice forthcoming*)
rtumanyan@reedsmith.com
Phone: 213.457.8000 | Fax:213.457.8080

*Attorneys for Defendant Safeway Inc.*