UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JASON WILSON, *individually and for others similarly situated*,<br><br>    Plaintiff,<br><br>    v.<br><br>SAFEWAY, INC., *a Delaware corporation*,<br><br>    Defendant. | Case No. 6:25-cv-00478-MTK<br><br>**OPINION AND ORDER** |

**KASUBHAI,** United States District Judge:

      Plaintiff Jason Wilson ("Wilson"), individually and for all hourly employees who worked for Safeway in Oregon from 2019-2025 (collectively, "Hourly Employees"), brings this putative class action against his former employer, Defendant Safeway, Inc. Plaintiff alleges that Defendant failed to provide employees at least two weeks advance notice for work schedules, failed to compensate employees for work schedule changes without advance notice, and retaliated against employees that did not comply with schedule changes made without advance notice, in violation of several Oregon statutes. Notice of Removal, Ex. 2 ("Compl."), ECF No. 1-2. Defendant removed the action to federal court on the basis of diversity jurisdiction. Notice of Removal, ECF No. 1. Defendant moves to dismiss for failure to state a claim and in the alternative, to strike the class allegations from Plaintiff's retaliation claim. Defendant's Mot. Motion to Dismiss, Strike Class Allegations ("Def.'s Mot."), ECF No. 13. Defendant also moves

for judicial notice of Plaintiff's purported Collective Bargaining Agreement ("CBA"). Def.'s Request for Judicial Notice ("Def.'s Req."), ECF No. 15. For the reasons below, Defendant's Motions are DENIED.

## BACKGROUND

The following allegations are accepted as true for purposes of this Opinion. Around August 2023, Plaintiff was hired as a part-time deli clerk for Defendant. Compl. ¶ 24, 28. Defendant treated Plaintiff as a non-exempt employee and paid him by the hour. *Id.* ¶ 13. When Defendant hired Plaintiff, it failed to provide him with a written good faith estimate of his work schedule. *Id.* ¶ 26. For the first two months of his employment, Plaintiff worked approximately 20 hours a week. *Id.* ¶ 29. For the remainder of his employment, Plaintiff worked approximately 35 to 45 hours a week. *Id.* ¶ 30.

The store manager at the location where Plaintiff worked created the employee work schedule and posted it in the store's breakroom. *Id.* ¶¶ 31-32. For the year that Plaintiff worked for Defendant, the employee work schedule was only posted between two days to a week and a half in advance of the first day on the schedule. *Id.* ¶¶ 12, 31. Each department also had a copy of the schedule. *Id.* ¶ 33. The deli department's schedule was different than the overall schedule in the breakroom due to handwritten changes made by the deli manager or the store manager. *Id.* ¶ 35. The deli schedule was "often changed on a daily basis," and would include additional hours and shifts in excess of thirty minutes. *Id.* ¶ 36, 39. These changes were not always announced to affected employees. *Id.* ¶¶ 37-38. When Plaintiff missed a shift because he was not informed of a last-minute schedule change, he was written up for a "no call no show." *Id.* ¶ 38. When Plaintiff worked the additional hours or shifts without sufficient advance notice, Defendant did not pay him additional compensation. *Id.* ¶ 41. When Plaintiff refused or attempted to refuse the additional shifts, Defendant "threatened to discipline him, disciplined him, and/or scheduled him

to work inconvenient or undesirable hours." *Id.* ¶ 40. Defendant never paid Plaintiff any additional compensation for these last minute changes to his schedule, despite these untimely changes adding multiple hours and subtracting multiple hours, in excess of 30 minutes, from his work schedule. *Id.* ¶ 41.

Plaintiff alleges that the Hourly Employees were all subject to and equally impacted by Defendant's scheduling practices, described above. *Id.* ¶¶ 55, 58-59. Defendant also failed to compensate the Hourly Employees for changes to their work schedules made by Defendant without two weeks of advance notice. *Id.* ¶ 55. If the other Hourly Employees refused or attempted to refuse to work the additional hours, Defendant threatened them with discipline, disciplined them, or scheduled them for inconvenient or undesirable hours. *Id.* ¶ 46. Defendant's allegedly unlawful scheduling practices were the result of generally applicable systematic policies and practices, independent of the Hourly Employees' personal circumstances. *Id.* ¶ 59.

On behalf of himself and other Hourly Employees, Plaintiff brings a putative class action under Oregon labor law against Defendant for failure to timely pay all wages (Count 1); interference with Oregon predictive work scheduling (Count 2); and failure to timely pay earned wages upon termination (Count 3).

## STANDARDS

I. **Motion to Dismiss — Fed. R. Civ. P. 12(b)(6)**

A motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017). In evaluating the sufficiency of a complaint's factual allegations, courts must accept as true all well-pleaded material facts alleged in the complaint and construe them in the light most favorable to the non-moving party. *Id.* To be entitled to a

presumption of truth, allegations in a complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). All reasonable inferences from the factual allegations must be drawn in favor of the plaintiff. *Los Angeles Lakers, Inc.*, 869 F.3d at 800. Courts need not, however, credit the plaintiff's legal conclusions that are couched as factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

A complaint must contain sufficient factual allegations to "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr*, 652 F.3d at 1216. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

## II.   Motion to Strike — Fed. R. Civ. P. 12(f)

Fed. R. Civ. P. 12(f) allows courts to strike from a pleading any matters that are "immaterial," "impertinent," or "scandalous." An "immaterial" matter is "that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994) (quoting C. Wright, A. Miller, et al., 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed. 2013)). "Impertinent" matters are those "that do not pertain, and are not necessary, to the issues in question." *Id.* "Motions to strike are disfavored and infrequently granted." *Legal Aid Servs. of Oregon v. Legal Servs. Corp.*, 561 F. Supp. 2d 1187, 1189 (D. Or. 2008).

## DISCUSSION

**I.     Count One: Failure to Timely Pay Wages — Or. Rev. Stat. § ("ORS") 653.436 & 653.455(2)**

On behalf of himself and the other Hourly Employees, Plaintiff alleges that Defendant modified his work schedule without adequate advance notice in violation of ORS 653.436 and then failed to provide the additional compensation owed for working the untimely modified schedule, as required by ORS 653.455.

Defendant argues that Count One should be dismissed because (1) neither ORS 653.436 nor ORS 653.455 contain an express private right of action for enforcement and (2) the Commissioner of the Bureau of Labor and Industries ("BOLI") has exclusive enforcement authority over violations of ORS 653.436 and ORS 653.455.

Defendant's arguments present an issue of statutory interpretation. As a federal court interpreting a state statute, the Court applies the state's rules of statutory interpretation. *Bass v. Cnty. of Butte*, 458 F.3d 978, 981 (9th Cir. 2006). In interpreting an Oregon statute, the court begins by examining "both the text and context of the statute." *Portland Gen. Elec. Co. v. Bureau of Lab. & Indus.*, 317 Or. 606, 610 (1993). The context of the statute includes "other provisions of the same statute and other related statutes." *Id.* at 611. "If the legislature's intent is clear from the . . . text and context, further inquiry is unnecessary." *Id.*

"The Oregon Legislative Assembly has enacted a series of statutory claims for unlawful practices, including unlawful employment practices, which provide tort-type damages." *Labor and Employment Law in Oregon: Private Sector* § 1.13 (Or. State Bar Legal Pubs. 2025). Relevant here, the Court begins by examining the text and context of ORS 653.480(1) which states, "[a]n employee asserting a violation of ORS 653.470 may file a complaint with the Commissioner of the Bureau of Labor and Industries [("BOLI")] under ORS 659A.820 or a civil action as provided in ORS 659A.885." ORS 653.480(1). Next, ORS 659A.885(1) provides a

private cause of action for anyone subject to an unlawful employment practice listed in ORS 659A.885(2). Continuing further inquiry, ORS 659A.885(2)(b) prohibits the violation of any right protected under ORS 653.470.[1] Under ORS 653.470, employers are prohibited from interfering with, restraining from, denying, or retaliating against an employee's exercise of a right codified at ORS 653.412 to ORS 653.485. ORS 653.470(1)-(2). Protected within ORS 653.412-85 and relevant here, an employee has the right (1) to a written work schedule with at least 14 calendar days of advance notice (ORS 653.436(1)); (2) to decline any work shifts not included in the employee's written work schedule (ORS 653.436(5)(b)); (3) to additional compensation for working a schedule modified by the employer without adequate advance notice (ORS 653.455(2)(a)); and (4) to additional compensation when the employer cancels a shift or reduces the employee's written work schedule without adequate advance notice (ORS 653.455(2)(b)).

In summary, an employee asserting the violation of a right protected under ORS 653.412 to ORS 653.485 may file a complaint with BOLI or they may bring a cause of action under ORS 659A.885(1). ORS 653.480(1). Defendant's argument, that Count One should be dismissed because ORS 653.436 and ORS 653.455 do not contain an express private cause of action, ignores the statutory landscape and is contrary to the legislature's clear intent.

Defendant also argues that Plaintiff cannot bring a claim because ORS 653.480(2) assigns BOLI exclusive enforcement authority for the violation of ORS 653.436 and ORS 653.455. As explained above, ORS 653.470 prohibits the interference with the rights codified at ORS 653.412 to ORS 653.485. An employee asserting the violation of a right protected under

---

[1] ORS 659A.885(2)(b) excludes a cause of action for a claim relating to ORS 653.450, a statute not relevant to Defendant's Motion to Dismiss.

Page 6 — OPINION AND ORDER

ORS 653.470 has two options: the employee may file a complaint with BOLI "or" the employee may file "a civil action as provided in ORS 659A.885." ORS 653.480(1). If the employee chooses to file a complaint with BOLI, then the enforcement powers of the BOLI commissioner are provided in ORS 653.480(2).[2] If the employee instead chooses to file a civil action, then the enforcement powers described in ORS 653.480(2) are not relevant. Defendant's argument, that ORS 653.480(2) assigns exclusive enforcement authority to BOLI, is contrary to the text of ORS 653.480(1) which provides employees with the option of filing a complaint with the BOLI commissioner or bringing a private cause of action.

Plaintiff alleges that Defendant violated ORS 653.436 and ORS 653.455 because it failed to timely provide him and the other Hourly Employees a written work schedule, failed to provide additional compensation after modifying the written work schedule without adequate advance notice, and failed to provide additional compensation after reducing or cancelling shifts without adequate advance notice. The violation of these rights is actionable under ORS 659A.885(2)(b) and Plaintiff plausibly states a claim for relief. Defendant's Motion to Dismiss Count One is denied.

## II. Count Two: Interference with Oregon Predictive Work Scheduling — ORS 653.470

Defendant argues that Plaintiff's interference and retaliation claim should be dismissed for three reasons: (1) the complaint contains only conclusory allegations, (2) retaliation claims are inherently individualized and unsuitable for class treatment, and (3) Plaintiff's retaliation claim is preempted by the Labor Management Relations Act ("LMRA").

---

[2] ORS 653.480(2) provides, "[t]he commissioner has the same enforcement powers with respect to the rights established under this section and ORS 653.422, 653.432, 653.436, 653.442, 653.450, 653.455, 653.465, 653.470 and 653.485 as are established in this chapter and ORS chapter 652."

### A. Plaintiff's Allegations of Interference and Retaliation

Plaintiff alleges that Defendant threatened to discipline, disciplined, and scheduled Wilson for inconvenient or undesirable work hours in retaliation to his refusal, or attempted refusal, to work additional hours or shifts that were added without adequate advance notice. Compl. ¶¶ 40, 46, 102. Defendant argues that Plaintiff's allegations are speculative and conclusory and fail to provide sufficient factual context. The Court disagrees.

At the motion to dismiss stage, the Court accepts Plaintiff's factual allegations as true and draws all reasonable inferences in favor of Plaintiff. *Los Angeles Lakers, Inc.*, 869 F.3d at 800. As discussed above, ORS 653.470 prohibits employers from interfering with an employee's exercise of rights granted by Oregon's predictive scheduling laws, ORS 653.412-85, or retaliating against any employee that inquired about their rights under Oregon's predictive scheduling laws. Plaintiff allegedly engaged in a protected activity by refusing or attempting to refuse shifts that were not added to Plaintiff's written work schedule with adequate advance notice. Plaintiff alleges that, in response to his refusal or attempted refusal to work these shifts, Defendant disciplined or threatened to discipline Plaintiff. These allegations are sufficient to put Defendant on notice of the nature of the claim so that it may effectively prepare a defense. *Starr*, 652 F.3d at 1216.

Defendant's additional argument, that Plaintiff's allegations "amount[ ] to nothing more than speculation that any unfavorable scheduling decisions were made in retaliation for protected activity rather than for legitimate business purposes" is merely a factual challenge to Plaintiff's allegations, inappropriate at the motion to dismiss stage. Def.'s Mot. at 9. Plaintiff plausibly states a claim for interference and retaliation under ORS 653.470.

### B.   Class Treatment of Plaintiff's Interference and Retaliation Claim

Defendant moves to dismiss or strike Plaintiff's class-wide allegations. Defendant argues that "Plaintiff's Complaint contains no factual allegations that Safeway operated under a uniform retaliatory policy or practice affecting all class members." Def.'s Mot. at 10. Plaintiff responds that he sufficiently alleged a potential class, and that resolution of class treatment is premature at the pleading stage.

Courts in the Ninth Circuit routinely deny motions to dismiss or strike class allegations at the pleading stage. *See Mattson v. New Penn Fin., LLC*, No. 18-cv-00990, 2018 WL 6735088, at *2 (D. Or. Nov. 6, 2018) (collecting cases). However, a court may grant the motion to dismiss or strike the class allegations if "the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim." *Gen. Tel. Co. of SW. v. Falcon*, 457 U.S. 147, 160 (1982).

Here, Plaintiff alleges that he and "the Hourly Employees were all equally impacted by Safeway's uniform scheduling practices that systematically deprived Wilson and the other Hourly Employees of predictable scheduling and compensation for changes to their work schedules Safeway made without advance notice." Compl. ¶ 58. Defendant's assertion that "[t]here are no facts suggesting that Safeway systematically retaliated against employees who exercised their rights under the predictive scheduling law through a common mechanism" ignores the allegations contained in Plaintiff's Complaint. Def.'s Mot. at 10. Plaintiff alleges that Defendant's interference and retaliation was conducted as part of a pattern, practice, or policy of depriving Plaintiff and the other Hourly Employees of scheduling rights protected by Oregon law. Compl. ¶¶ 78-79. Plaintiff sufficiently alleges a class-wide injury stemming from a uniform policy or practice.

Defendant also argues that the nature Plaintiff's claims are too "inherently individualized" to permit class certification. Def.'s Mot. at 11. The Court declines to adopt a rule, unsupported by citation to caselaw, that predictive scheduling claims are categorically barred from class certification. Whether Plaintiff's claims are appropriate for resolution on a class wide basis will be determined after Plaintiff moves for class certification. Defendant's Motion to Dismiss or Strike the class allegations is denied.

### C. Defendant's Request for Judicial Notice and Preemption Under the LMRA

Defendant argues that because Plaintiff's employment was subject to a collective bargaining agreement, Plaintiff's state law retaliation claim is preempted by Section 301 of the LMRA, 29 U.S.C. § 185(a). Defendant moves for judicial notice of what it contends is Plaintiff's CBA with Defendant. Plaintiff opposes Defendant's request for judicial notice because he disputes whether the authenticity of the CBA can be readily determined from sources whose accuracy cannot reasonably be questioned. Plaintiff also argues that even if the Court takes judicial notice of the CBA, his claim is not preempted because his state law rights are not substantially dependent upon analysis of the CBA.

"Generally, courts do not consider a document outside the pleadings at the motion to dismiss stage unless the complaint necessarily relies on the document, incorporates it by reference, or the document is judicially noticeable under Fed. R. Evid. 201." *Gloeckner v. Kraft - Heinz Foods Co., LLC*, No. 19-cv-01239, 2021 WL 922048, at *2 (D. Or. Mar. 9, 2021). Under Fed. R. Evid. 201, a court may take judicial notice of a fact that is not subject to reasonable dispute if the fact is: "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Because the effect of judicial notice is to deprive a party of an opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary

evidence, caution must be used in determining that a fact is beyond controversy under Rule 201(b)." *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir. 2005) (internal quotations and citation omitted).

Here, Plaintiff's claims relate to Oregon law and the rights that derive from those laws. Because Plaintiff does not allege facts that refer to or necessarily rely on the CBA, the Complaint does not incorporate the CBA. "[C]ourts have adopted different positions on whether to take judicial notice of CBAs in considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6) when the complaint does not incorporate the CBA by reference." *Loaiza v. Kinkisharyo Int'l, LLC*, No. LA CV19-07662 JAK (KSX), 2020 WL 5913282, at *15 (C.D. Cal. Oct. 6, 2020) (collecting cases). Judicial notice at the motion to dismiss stage is typically improper where, as here, "the validity or applicability [of the CBA] to the plaintiff's claims is disputed." *Gloeckner*, 2021 WL 922048, at *3. Plaintiff opposes Defendant's request for judicial notice, disputes its applicability to his claims, and declines to admit its authenticity until after he can test it in discovery. Defendant fails to demonstrate that the terms of the CBA are generally known within this jurisdiction or that its terms are not subject to dispute because they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Because the Court finds that the CBA is not appropriate for judicial notice, the Court declines to consider Defendant's substantive arguments regarding preemption at this stage.

In sum, the Court finds that Plaintiff has plausibly stated a claim for retaliation under ORS 653.470, determination of class certification is premature, and determination of whether Plaintiff's claim is preempted by the LMRA is outside the scope of the issues raised by Plaintiff's Complaint. Defendant's motion to dismiss Count Two and motion requesting judicial notice are denied.

### III.     Count Three: Failure to Pay Earned Wages Upon Termination — ORS 652.140

Plaintiff alleges that Defendant violated ORS 652.140(2) by failing "to pay all earned, but unpaid wages, including all compensation for work schedule changes, owed to Wilson and the other Hourly Employees . . . following termination of their respective employment." Compl. ¶ 108. On behalf of himself and the other Hourly Employees, Plaintiff seeks to recover the unpaid wages and seeks statutory penalties under ORS 652.150.[3] Compl. ¶ 111. Defendant argues that the phrase "wages earned" under ORS 652.140(2) does not include the "compensation" owed for work schedule changes under ORS 653.455(2).[4]

The Court begins by examining "both the text and context of the statute." *Portland Gen. Elec. Co* at 610. Under ORS 652.140(2), if an employee gives at least forty eight hours' notice of his intention to quit, then "all wages earned and unpaid at the time of quitting become due and payable immediately[.]" Although "ORS 652.140 does not define the term 'wages[,]' . . . other related provisions of the employment statutes" provide useful context. *Wyatt v. Body Imaging, P.C.*, 163 Or. App. 526, 530 (1999). For example, ORS 652.210(14) defines wages as "all compensation for performance of service by an employee for an employer, whether paid by the employer or another person, or paid in cash or any medium other than cash." Similarly, ORS 653.010(10) defines wages as "compensation due to an employee by reason of employment[.]" The Oregon Court of Appeals explains that the term "wages" as used in ORS 652.140 *et seq.* "is

---

[3] ORS 652.150 provides in part, "if an employer willfully fails to pay any wages or compensation of any employee whose employment ceases, as provided in ORS 652.140 and 652.145, then, as a penalty for the nonpayment, the wages or compensation of the employee shall continue from the due date thereof at the same hourly rate for eight hours per day until paid or until action therefor is commenced." ORS 652.150(1).

[4] Defendant also reasserts its argument that Plaintiff does not have a private cause of action to recover additional compensation for violation of Oregon's predictive scheduling laws. The Court rejects this argument for the reasons explained in Discussion Section I, above.

commonly understood to encompass compensation for labor or services." *Wyatt*, 163 Or. App. at 534. In short, "[a]ll forms of compensation for services are to be treated as wages." *Id.* at 534 n.1.

ORS 653.455(2) provides that "[a]n employer shall provide . . . compensation to an employee for each employer-requested change that occurs to the employee's written work schedule without the advance notice required in ORS 653.436[.]" The statute then lays out specific compensation requirements for specific employer-requested work schedule changes. For example, when the employer adds more than 30 minutes of work to the employee's work shift, the employer must compensate the employee with "[o]ne hour of pay at the employee's regular rate of pay, in addition to wages earned[.]" ORS 653.455(2)(a)(A). "Wages" under ORS 652.140 therefore includes the compensation owed for work schedule changes under ORS 653.455(2).

Defendant's argument, however, is more nuanced. It argues that regardless of whether the compensation owed for work schedule changes under ORS 653.455(2) is a wage, the compensation is outside the scope of ORS 652.140 because it is not a wage "earned" for services performed. Defendant asserts that the compensation owed for work schedule changes under ORS 653.455(2) is instead a statutory penalty. The Court disagrees.

In carrying out its function of setting public policy, the Oregon legislature decided that employees have the right to a predictable written work schedule. ORS 653.436. When an employer acts contrary to this public policy, by altering an employee's written work schedule without adequate advance notice, the employer owes the employee a premium. ORS 653.455(2). This compensation is "earned" in the sense that the employee deserves additional compensation for offering services despite the employer's unpredictable scheduling. Similarly, overtime pay is not a statutory penalty, it is a premium owed to hourly employees for providing services despite

the employer's considerable demands. Moreover, the Oregon legislature chose to title ORS 653.455, "[c]ompensation for work schedule changes." In contrast, ORS 653.991, titled "Penalties," provides that "[v]iolation of any provision of this section or ORS 653.010 to 653.565 or of any rule adopted by the Bureau of Labor and Industries under ORS 653.307 is punishable as a misdemeanor." The Court finds that the phrase "wages earned" under ORS 652.140(2) includes the compensation owed for work schedule changes under ORS 653.455(2).

Plaintiff plausibly states a claim for unpaid wages under ORS 652.140 and may also seek statutory penalties under ORS 652.150. *See Salinas v. One Stop Detail*, 194 Or. App. 457, 461 (2004) ("Wages withheld from earlier pay periods are no less "earned and unpaid" at the time of discharge under ORS 652.140 than wages that accrued during the employee's final pay period before discharge. Accordingly, such wages are subject to the provisions of ORS 652.150 when employment ceases.").

## CONCLUSION

For the reasons above, Defendant's Motion to Dismiss and Strike Class Allegations (ECF No. 13) and Request for Judicial Notice (ECF No. 15) are DENIED.

DATED this 29th day of August 2025.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI (He / Him)  
United States District Judge