KC Hovda, OSB No. 160764
kc.hovda@millernash.com
MILLER NASH LLP
950 W. Bannock Street, Suite 1100
Boise, ID 83702
Phone: 208.906.0479 | Fax: 206.622.7485

Mara D. Curtis (SBN 268869) – *pro hac vice*
mcurtis@reedsmith.com
Rae Chung (SBN 318300) – *pro hac vice*
raechung@reedsmith.com
Reed Smith LLP
515 South Flower St., Suite 4300
Los Angeles, CA 90071-1514
Phone: 213.457.8000 | Fax: 213.457.8080

*Attorneys for Defendant Safeway Inc.*

# IN THE UNITED STATES DISTRICT COURT

## OF THE STATE OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| JASON WILSON, Individually and For Others Similarly Situated,<br><br>      Plaintiff,<br><br>  v.<br><br>SAFEWAY INC., a Delaware corporation,<br><br>      Defendant. | Case No. 6:25-cv-00478-MTK<br><br>DEFENDANT SAFEWAY INC.'S ANSWER TO COMPLAINT |

Defendant Safeway Inc. ("Defendant" or "Safeway") responds to the Complaint filed by Plaintiff Jason Wilson ("Plaintiff") in this Action as follows:

## SUMMARY

1. Safeway admits that Plaintiff filed a class action Complaint, Case No. 25CV03910, in the Circuit Court of Oregon, which alleges that Safeway failed to timely pay all wages, interfered with Oregon Predictive Work Scheduling law, and failed to timely pay earned wages upon termination. Safeway denies each remaining allegation of Paragraph 1 of the Complaint.

2. Safeway admits the allegations of Paragraph 2 of the Complaint.

3. Safeway admits the allegations of Paragraph 3 of the Complaint.

4. Safeway admits that it scheduled the hours of work of Wilson and other Hourly Employees. Except as heretofore admitted, Safeway denies the allegations of Paragraph 4 of the Complaint.

5. Safeway denies each and every allegation of Paragraph 5 of the Complaint.

6. Safeway denies each and every allegation of Paragraph 6 of the Complaint.

7. Safeway denies each and every allegation of Paragraph 7 of the Complaint.

8. Safeway denies each and every allegation of Paragraph 8 of the Complaint.

## JURISDICTION & VENUE

9. Safeway admits that jurisdiction exists for this case in Oregon. Except as heretofore expressly admitted, Safeway denies the remaining allegations of Paragraph 9 of the Complaint.

10. Safeway admits that the venue is proper in this District. Safeway admits that Safeway transacts business in this District. Except as heretofore expressly admitted, Safeway denies the remaining allegations of Paragraph 10 of the Complaint.

11. Safeway denies each and every allegation of Paragraph 11 of the Complaint.

## PARTIES

12. Safeway admits that Plaintiff Jason Wilson worked for Safeway in Coos Bay, Oregon from approximately December 2023 until approximately August 2024 as an all-

purpose clerk in the Service Deli Department. Except as heretofore expressly admitted, Safeway denies the remaining allegations of Paragraph 12 of the Complaint.

13. Safeway admits the allegations of Paragraph 13 of the Complaint.

14. Safeway denies each and every allegation of Paragraph 14 of the Complaint.

15. Safeway denies each and every allegation of Paragraph 15 of the Complaint.

16. Safeway admits that Plaintiff Jason Wilson seeks to represent a class of allegedly similarly situated employees under Oregon law. Except as heretofore expressly admitted, Safeway denies the remaining allegations of Paragraph 16 of the Complaint.

17. Safeway admits that Plaintiff Jason Wilson has defined the putative class of similar situated employees to be "[a]ll hourly employees who worked for Safeway in its stores in Oregon at any time during the last 6 years." Except as heretofore expressly admitted, Safeway denies the remaining allegations of Paragraph 17 of the Complaint.

18. Safeway admits the allegations of Paragraph 18 of the Complaint.

19. Safeway admits that the mailing address for its registered agent and service of process in Oregon is 780 Commercial St. SE Ste 100, Salem OR 97301. Except as heretofore expressly admitted, Safeway denies the remaining allegations of Paragraph 19 of the Complaint.

## FACTS

20. Safeway denies each and every allegation of Paragraph 20 of the Complaint.

21. Safeway admits that it is hiring and has hired hourly employees, including Plaintiff Wilson. Except as heretofore expressly admitted, Safeway denies the remaining allegations of Paragraph 21 of the Complaint.

22. Safeway admits that it employs more than 500 hourly employees across the country to meet its business needs. Except as heretofore expressly admitted, Safeway denies the remaining allegations of Paragraph 22 of the Complaint.

23. Safeway admits that it employed Plaintiff Wilson as a non-exempt employee and paid Plaintiff by the hour. Safeway further admits that it employs certain other individuals as non-exempt employees and pays them by the hour. Except as heretofore expressly admitted,

Safeway denies the remaining allegations of Paragraph 23 of the Complaint.

24. Safeway admits that Plaintiff Wilson worked for Safeway as an hourly clerk from approximately December 2023 until approximately August 2024. Except as heretofore expressly admitted, Safeway denies the remaining allegations of Paragraph 24 of the Complaint.

25. Safeway admits that Plaintiff Wilson worked as an all-purpose clerk in the Service Deli Department during his employment with Safeway. Except as heretofore expressly admitted, Safeway denies the remaining allegations of Paragraph 25 of the Complaint.

26. Safeway denies each and every allegation of Paragraph 26 of the Complaint.

27. Safeway denies each and every allegation of Paragraph 27 of the Complaint.

28. Safeway denies each and every allegation of Paragraph 28 of the Complaint.

29. Safeway denies each and every allegation of Paragraph 29 of the Complaint.

30. Safeway denies each and every allegation of Paragraph 30 of the Complaint.

31. Safeway denies each and every allegation of Paragraph 31 of the Complaint.

32. Safeway admits that the Store Directors are expected to vet and approve schedules provided to them by the Department Managers. Except as heretofore expressly admitted, Safeway denies the remaining allegations of Paragraph 32 of the Complaint.

33. Safeway admits that some departments in some stores did post the schedules in their department, however, it is not uniform. Except as heretofore expressly admitted, Safeway denies the remaining allegations made in Paragraph 33 of the Complaint.

34. Safeway admits that some departments in some stores did post the schedules in their department, however, it is not uniform. Except as heretofore expressly admitted, Safeway denies the remaining allegations made in Paragraph 34 of the Complaint.

35. Safeway denies the allegations contained in Paragraph 35 of the Complaint.

36. Safeway denies the allegations contained in Paragraph 36 of the Complaint.

37. Safeway denies each and every allegation of Paragraph 37 of the Complaint.

38. Safeway denies each and every allegation of Paragraph 38 of the Complaint.

39. Safeway denies each and every allegation of Paragraph 39 of the Complaint.

40. Safeway denies each and every allegation of Paragraph 40 of the Complaint.

41. Safeway denies each and every allegation of Paragraph 41 of the Complaint.

42. Safeway denies each and every allegation of Paragraph 42 of the Complaint.

43. Safeway denies each and every allegation of Paragraph 43 of the Complaint.

44. Safeway denies each and every allegation of Paragraph 44 of the Complaint.

45. Safeway denies each and every allegation of Paragraph 45 of the Complaint.

46. Safeway denies each and every allegation of Paragraph 46 of the Complaint.

47. Safeway denies each and every allegation of Paragraph 47 of the Complaint.

48. Safeway denies each and every allegation of Paragraph 48 of the Complaint.

## CLASS ACTION ALLEGATIONS

49. Safeway admits that Plaintiff Wilson purports to bring his claims on behalf of himself and other similarly situated employees as a class action. Except as heretofore expressly admitted, Safeway denies the remaining allegations of Paragraph 49 of the Complaint.

50. Safeway denies each and every allegation of Paragraph 50 of the Complaint.

51. Safeway lacks sufficient information to form a belief about the truth of the allegations made in Paragraph 51 of the Complaint, and on that basis, Safeway denies the allegations in Paragraph 51 of the Complaint.

52. Safeway lacks sufficient information to form a belief about the truth of the allegations made in Paragraph 52 of the Complaint, and on that basis, Safeway denies the allegations in Paragraph 52.

53. Safeway admits that the putative class as defined by Plaintiff contains over 50 individuals. Except as heretofore expressly admitted, Safeway denies the remaining allegations in Paragraph 53 of the Complaint.

54. Safeway denies each and every allegation of Paragraph 54 of the Complaint.

55. Safeway denies each and every allegation of Paragraph 55 of the Complaint.

56. Safeway denies each and every allegation of Paragraph 56 of the Complaint.

57. Safeway denies each and every allegation of Paragraph 57 of the Complaint.

58. Safeway denies each and every allegation in Paragraph 58 of the Complaint.

59. Safeway denies each and every allegation of Paragraph 59 of the Complaint.

60. Safeway denies each and every allegation of Paragraph 60 of the Complaint.

61. Safeway denies each and every allegation of Paragraph 61 of the Complaint.

62. Safeway denies each and every allegation of Paragraph 62 of the Complaint.

63. Safeway lacks sufficient information to form a belief about the truth of the allegations made in Paragraph 63 of the Complaint, and on that basis, Safeway denies the allegations in Paragraph 63 of the Complaint.

64. Safeway lacks sufficient information to form a belief about the truth of the allegations made in Paragraph 64 of the Complaint, and on that basis, Safeway denies the allegations in Paragraph 64 of the Complaint.

65. The allegations of Paragraph 65 of the Complaint state legal conclusions that require no answer from Safeway. To the extent such allegations require an answer, Safeway denies the allegations contained in Paragraph 65.

66. Safeway denies each and every allegation of Paragraph 66 of the Complaint.

67. Safeway lacks sufficient information to form a belief about the truth of the allegations made in Paragraph 67 of the Complaint, and on that basis, Safeway denies the allegations contained in Paragraph 67.

68. Safeway lacks sufficient information to form a belief about the truth of the allegations made in Paragraph 68 of the Complaint, and on that basis, Safeway denies the allegations contained in Paragraph 68.

69. Safeway denies each and every allegation of Paragraph 69 of the Complaint.

70. Safeway denies each and every allegation of Paragraph 70 of the Complaint.

71. Safeway denies each and every allegation of Paragraph 71 of the Complaint.

72. Safeway denies each and every allegation of Paragraph 72 of the Complaint.

73. Safeway denies each and every allegation of Paragraph 73 of the Complaint.

74. The allegations of Paragraph 74 of the Complaint state legal conclusions that

require no answer from Safeway. To the extent such allegations require an answer, Safeway denies the allegations contained in Paragraph 74.

75. The allegations of Paragraph 75 of the Complaint state legal conclusions that require no answer from Safeway. To the extent such allegations require an answer, Safeway denies the allegations contained in Paragraph 75.

76. Safeway lacks sufficient information to form a belief about the truth of the allegations made in Paragraph 76 of the Complaint, and on that basis, Safeway denies the allegations contained in Paragraph 76.

77. Safeway denies each and every allegation of Paragraph 77 of the Complaint.

78. Safeway denies each and every allegation of Paragraph 78 of the Complaint.

79. Safeway denies each and every allegation of Paragraph 79 of the Complaint.

80. Safeway admits that Safeway received a letter entitled "Class Action Notice Under ORCP Rule 32H" on October 21, 2024. Except as heretofore expressly admitted, Safeway denies the remaining allegations of Paragraph 80 of the Complaint.

81. The allegations of Paragraph 81 of the Complaint state legal conclusions that require no answer from Safeway. To the extent such allegations require an answer, Safeway denies the allegations contained in Paragraph 81.

82. The allegations of Paragraph 82 of the Complaint state legal conclusions that require no answer from Safeway. To the extent such allegations require an answer, Safeway denies the allegations contained in Paragraph 82.

## COUNT I

### Failure to Timely Pay All Wages

### (Class Action)

83. Safeway admits that Plaintiff Wilson purports to bring his claims on behalf of himself and other similarly situated employees as a class action. Except as heretofore expressly admitted, Safeway denies the remaining allegations of Paragraph 83 of the Complaint.

84. The allegations of Paragraph 84 of the Complaint state legal conclusions that

require no answer from Safeway. To the extent such allegations require an answer, Safeway denies the allegations contained in Paragraph 84.

85. The allegations of Paragraph 85 of the Complaint state legal conclusions that require no answer from Safeway. To the extent such allegations require an answer, Safeway denies the allegations contained in Paragraph 85.

86. The allegations of Paragraph 86 of the Complaint state legal conclusions that require no answer from Safeway. To the extent such allegations require an answer, Safeway denies the allegations contained in Paragraph 86.

87. The allegations of Paragraph 87 of the Complaint state legal conclusions that require no answer from Safeway. To the extent such allegations require an answer, Safeway denies the allegations contained in Paragraph 87.

88. The allegations of Paragraph 88 of the Complaint state legal conclusions that require no answer from Safeway. To the extent such allegations require an answer, Safeway denies the allegations contained in Paragraph 88.

89. Safeway denies each and every allegation of Paragraph 89 of the Complaint.

90. Safeway denies each and every allegation of Paragraph 90 of the Complaint.

91. The allegations of Paragraph 91 of the Complaint state legal conclusions that require no answer from Safeway. To the extent such allegations require an answer, Safeway denies the allegations contained in Paragraph 91.

92. The allegations of Paragraph 92 of the Complaint state legal conclusions that require no answer from Safeway. To the extent such allegations require an answer, Safeway denies the allegations contained in Paragraph 92.

93. Safeway denies each and every allegation of Paragraph 93 of the Complaint.

94. Safeway denies each and every allegation of Paragraph 94 of the Complaint.

95. Safeway lacks sufficient information to form a belief about the truth of the allegations made in Paragraph 95 of the Complaint, and on that basis, Safeway denies the allegations contained in Paragraph 95.

96. The allegations of Paragraph 96 of the Complaint state legal conclusions that require no answer from Safeway. To the extent such allegations require an answer, Safeway denies the allegations contained in Paragraph 96.

## COUNT II

### Interference With Oregon Predictive Work Scheduling

### (Class Action)

97. Safeway admits that Plaintiff Wilson purports to bring his claims on behalf of himself and other similarly situated employees as a class action. Except as heretofore expressly admitted, Safeway denies the remaining allegations of Paragraph 97 of the Complaint.

98. The allegations of Paragraph 98 of the Complaint state legal conclusions that require no answer from Safeway. To the extent such allegations require an answer, Safeway denies the allegations contained in Paragraph 98.

99. The allegations of Paragraph 99 of the Complaint state legal conclusions that require no answer from Safeway. To the extent such allegations require an answer, Safeway denies the allegations contained in Paragraph 99

100. The allegations of Paragraph 100 of the Complaint state legal conclusions that require no answer from Safeway. To the extent such allegations require an answer, Safeway denies the allegations contained in Paragraph 100.

101. The allegations of Paragraph 101 of the Complaint state legal conclusions that require no answer from Safeway. To the extent such allegations require an answer, Safeway denies the allegations contained in Paragraph 101.

102. Safeway denies the allegations in Paragraph 102 of the Complaint.

103. Safeway denies the allegations in Paragraph 103 of the Complaint.

## COUNT III

### Failure to Timely Pay Earned Wages Upon Termination

### (Class Action)

104. Safeway admits that Plaintiff Wilson purports to bring his claims on behalf of

himself and other similarly situated employees as a class action. Except as heretofore expressly admitted, Safeway denies the remaining allegations of Paragraph 104 of the Complaint.

105. The allegations of Paragraph 105 of the Complaint state legal conclusions that require no answer from Safeway. To the extent such allegations require an answer, Safeway denies the allegations in Paragraph 105.

106. The allegations of Paragraph 106 of the Complaint state legal conclusions that require no answer from Safeway. To the extent such allegations require an answer, Safeway denies the allegations in Paragraph 106 of the Complaint.

107. The allegations of Paragraph 107 of the Complaint state legal conclusions that require no answer from Safeway. To the extent such allegations require an answer, Safeway denies the allegations contained in Paragraph 107 of the Complaint.

108. The allegations of Paragraph 108 of the Complaint state legal conclusions that require no answer from Safeway. To the extent such allegations require an answer, Safeway denies the allegations contained in Paragraph 108 of the Complaint.

109. Safeway admits that Plaintiff Wilson's employment with Safeway ended in or around August 2024.

110. Safeway denies each and every allegation of Paragraph 110 of the Complaint.

111. The allegations of Paragraph 111 of the Complaint state legal conclusions that require no answer from Safeway. To the extent such allegations require an answer, Safeway denies the allegations contained in Paragraphs 111 of the Complaint.

## JURY DEMAND

112. Safeway admits that Plaintiff Wilson requests for a trial by jury.

## PRAYER FOR RELIEF

In response to the prayer for relief, Safeway admits that Plaintiff seeks such relief but denies that Plaintiff is entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

Safeway asserts the following affirmative defenses to Plaintiff's Complaint:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State A Claim)

1. Safeway alleges, based on information and belief, that the Complaint, and each cause of action for relief set forth therein, fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Statute of Limitations)

2. Safeway alleges, based on information and belief, that the Complaint, and each cause of action for relief set forth therein, is barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

### (Laches/ Unclean Hands/ Waiver/ Estoppel/Consent)

3. Safeway alleges, based on information and belief, that the Complaint, and each cause of action for relief set forth therein, is barred, in whole or in part, under the equitable doctrines of laches, waiver, estoppel, and/or consent and/or to the extent Plaintiff, and/or the putative class members have unclean hands with respect to the claims asserted.

## FOURTH AFFIRMATIVE DEFENSE

### (Offset)

4. Safeway alleges, based on information and belief, that the Complaint, and each cause of action for relief set forth therein, is barred, in whole or in part, because any recovery by Plaintiff, or the putative class members, must be offset by any benefits and/or other monies they have received.

## FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

5. Safeway alleges, based on information and belief, that Plaintiff and/or the putative class members have failed to mitigate, minimize or avoid the purported damages, and Safeway further alleges that, to the extent any damages could have been mitigated, such sums should be deducted from any award of damages.

## SIXTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

6. Safeway alleges, based on information and belief, that claims of Plaintiff and/or the putative class are barred, in whole or in part, by the avoidable consequences doctrine.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust)

7. Safeway alleges, based on information and belief, that the purported claims of the Complaint fall outside the jurisdiction of this Court are therefore barred because Plaintiff has failed to timely exhaust administrative remedies.

## EIGHTH AFFIRMATIVE DEFENSE

### (Reasonableness and Good Faith Defense)

8. Safeway alleges, based on information and belief, that at all times relevant to Plaintiff's Complaint, Safeway acted reasonably and in good faith at all time material herein, which, if upheld, would preclude any recovery by Plaintiff and/or the putative class based on the allegations in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Good Faith Dispute)

9. Assuming arguendo that Safeway failed to pay Plaintiff and/or the putative class members all wages, Safeway cannot be held liable because the failure to pay was not willful and there is a good faith dispute whether any wages were owed.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Economic Injury or Harm)

10. Safeway alleges, based on information and belief, that the purported causes of action are barred, in whole or in part, because Plaintiff and/or the putative class members did not suffer any actual injury or harm as a result of a knowing and intentional violation.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Multiple Recovery)

11. Defendant alleges, based on information and belief, that the claims of Plaintiff

an/or the putative class members are barred in whole or in part to the extent that Plaintiff seeks multiple recovery for the same alleged wrong or wrongs.

## TWELFTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

12. Safeway alleges, based on information and belief, that Plaintiff's and/or the putative class members' claims for damages are barred because they are speculative and uncertain.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (*De Minimis*)

13. Safeway alleges, based on information and belief, that to the extent Plaintiff and/or the putative class members were not paid for all hours worked, such unpaid time was non-compensable in that it was *de minimis* and/or without Safeway's knowledge or authorization.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Conduct of Others, Proximate Cause)

14. Although Safeway denies that Plaintiff and/or the putative class members have been damaged in any way, if it should be determined that Plaintiff and/or the putative class members have been damaged in any way, then Safeway alleges, based on information and belief, that the proximate cause of such damage was the conduct of others for which Safeway was not and is not responsible.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Re Judicata/Collateral Estoppel)

15. The Complaint is barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel as to Plaintiff and/or the putative class members to the extent that their claims have been adjudicated in other proceedings.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Release)

16. Safeway alleges, based on information and belief, that the Complaint, or portions

thereof, are barred because Plaintiff and/or the putative class members have released some or all such claims alleged in other proceedings.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

17. Safeway alleges, based on information and belief, that the Complaint, or portions thereof, is barred by the after-acquired evidence doctrine.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Consent to Additional Hours)

18. Safeway alleges, based on information and belief, that Plaintiff's Complaint fails to the extent that Plaintiff and/or the putative class members consented to work additional hours under ORS 653.432.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

19. Safeway alleges, based on information and belief, that the purported causes of action of Plaintiff and/or the putative class members are barred, in whole or in part, based on one or more accords and satisfactions between them and Safeway and/or releases given by Plaintiff and/or the putative class members.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Standing)

20. Safeway alleges, based on information and belief, that the purported claims of the Complaint are barred because Plaintiff lacks standing.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Legitimate, Non-Discriminatory Reasons)

21. Safeway alleges, based on information and belief, that any action taken regarding Plaintiff or any putative class member was taken for legitimate, non-discriminatory, and non-retaliatory reasons.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Private Right of Action)

22. Safeway alleges, based on information and belief, that there is no private right of action for the alleged violations asserted in Plaintiff's first cause of action in the Complaint.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Due Process)

23. Safeway alleges, based on information and belief, that Plaintiff's Complaint is barred because it is violative of Defendant's constitutional due process rights under the United States and Oregon Constitutions.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Remedies Under the CBA)

24. Safeway alleges, based on information and belief, that the purported causes of action of the Complaint fall outside the jurisdiction of this Court and are therefore barred because Plaintiff, and/or the putative class members, have failed to timely exhaust the administrative remedies available and procedures set forth in the collective bargaining agreement that existed at certain times relevant hereto between Defendant Safeway Inc. and the unions.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Certification is Improper)

25. Safeway alleges, based on information and belief, that Plaintiff's allegations that this action should be certified as a class action are barred by Plaintiff's failure to allege facts sufficient to warrant class certification, and/or an award of class damages, and/or failure to satisfy the requirements of Federal Rule of Civil Procedure Rule 23.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Excluded from Compensation)

26. Safeway alleges, based on information and belief, that Plaintiff's Complaint fails to the extent that changes were made in accordance with ORS 653.455(2) and (3).

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Preemption)

27. Safeway alleges, based on information and belief, that the purported causes of action of the Complaint are substantially dependent upon an analysis of the provisions, and terms and conditions in a collective bargaining agreement that existed at certain times relevant hereto between Safeway and the unions, and that said purported causes of action are therefore preempted by Section 301 of the Labor Management Relations Act and other applicable provisions of federal law. 29 U.S.C. §§ 185(a) and 158(a).

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Arbitration Under the Collective Bargaining Agreement)

28. Safeway alleges, based on information and belief, that Plaintiff and the putative class's claims, or portions thereof, are subject to binding arbitration under the terms of the collective bargaining agreement that existed at all times relevant hereto between Safeway and the unions.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Reservation of Rights)

29. Safeway reserves the right to assert further affirmative defenses as they become evident through discovery investigation.

## PRAYER

WHEREFORE, Defendant Safeway, Inc. respectfully requests that the Court:

A. Enter judgement in Safeway's favor;

B. Dismiss all claims by Plaintiff against Safeway with prejudice;

C. Award Safeway its reasonable costs and fees, including attorneys' fees; and

D. Grant Safeway such other and further relief as the Court deems just and proper.

|  |  |
|---|---|
| Dated: September 12, 2025 | MILLER NASH LLP |

s/Rae Chung
_____
KC Hovda, OSB No. 160764
kc.hovda@millernash.com
Phone: 208.906.0479

Mara D. Curtis (SBN 268869) (*pro hac vice*)
mcurtis@reedsmith.com
Rae Chung (SBN 318300) (*pro hac vice*)
raechung@reedsmith.com
Phone: 213.457.8000 | Fax:213.457.8080

*Attorneys for Defendant Safeway Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on **September 12, 2025,** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Dated: this 12th day of September at San Francisco, California

s/ Silvia Escobar<br>
Silvia Escobar