UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| JASON WILSON, *individually and for others similarly situated*, | Case No. 6:25-cv-00478-MTK |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| SAFEWAY INC., *a Delaware corporation*, | |
| Defendant. | |

**KASUBHAI,** United States District Judge:

Plaintiff Jason Wilson ("Wilson") filed this putative class action against his former employer, Defendant Safeway, Inc. ("Defendant"), alleging violations of Oregon's wage and scheduling laws. Compl. ¶ 1, ECF No. 1-2. Before the Court are Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 53) and Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 54). For the reasons discussed below, Plaintiff's motion is granted, and Defendant's motion is denied.

## BACKGROUND

On March 20, 2025, Wilson filed a class action on behalf of himself and Defendant's other similarly situated employees (the "Hourly Employees"), seeking to recover unpaid wages and other damages. Compl. ¶¶ 1, 16. Wilson worked as a deli clerk in one of Defendant's stores from August 2023 to August 2024. Compl. ¶ 24. Wilson alleges that, throughout his

Page 1 — OPINION AND ORDER

employment, he was not given adequate notice of changes to his work schedule. Compl. ¶¶ 31, 36-37. He further alleges that he was required to work additional hours without receiving additional compensation. Compl. ¶¶ 39-41.

In November 2025, the parties arranged for Wilson's deposition to take place in the Coos Bay area on January 26, 2026. Pl.'s Mot. Leave File Am. Compl. Ex. 3 ("White Decl.") ¶ 7, ECF No. 53-3. Wilson communicated with his attorney regarding the deposition through November and December of 2025, and on January 16, 2026, he confirmed details for his deposition. White Decl. ¶ 8. The next week, his counsel flew from Texas to Oregon for his deposition. White Decl. ¶ 9. After counsel arrived, she could not contact Wilson. White Decl. ¶¶ 10-11. Counsel could not locate Wilson at his workplace and hired investigators who were also unable to locate Wilson. White Decl. ¶¶ 10-12. After failing to locate Wilson on January 24, 2026, counsel notified Defendant that it appeared Wilson did not intend to attend his deposition. White Decl. ¶ 13. Wilson did not attend his deposition, and his counsel has not been able to contact him since January 16. White Decl. ¶¶ 14, 16.

On February 6, 2026, Plaintiff and Defendant both filed the motions now before the Court. Pl.'s Mot. Leave File Am. Compl. 1, ECF No. 53; Def.'s Mot. Dismiss 1, ECF No. 54. Plaintiff moves for leave to amend the complaint to substitute Donovan DeCoster as the named plaintiff and proposed class representative. White Decl. ¶ 17. Defendant moves to dismiss for lack of subject matter jurisdiction, arguing that Wilson's failure to attend his deposition and contact his attorney moots the case. The Court has not certified a class or received any motions to certify a class. ECF No. 62.

Page 2 — OPINION AND ORDER

**DISCUSSION**

## I.    Defendant's Motion to Dismiss

Defendant moves to dismiss Plaintiff's claim for lack of subject matter jurisdiction, asserting that Plaintiff Wilson's inability to serve as the named plaintiff moots the case. "Federal courts are courts of limited jurisdiction . . . ." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). As such, a court is to presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also Advanced Integrative Med. Sci. Inst., PLLC v. Garland*, 24 F.4th 1249, 1256 (9th Cir. 2022). A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of "subject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). An objection that a particular court lacks subject matter jurisdiction may be raised by any party, or by the court on its own initiative, at any time. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006); Fed. R. Civ. P. 12(b)(1). The court must dismiss any case over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see also Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015) (noting that when a court lacks subject matter jurisdiction, meaning it lacks the statutory or constitutional power to adjudicate a case, the court must dismiss the complaint, even *sua sponte* if necessary).

### A.    Mootness

"Article III of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants." *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). A case becomes moot when "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Ruiz v. City of Santa Maria*, 160 F.3d 543, 549 (9th Cir. 1998) (quoting *Lee v. Schmidt-Wenzel*, 766 F.2d 1387, 1389 (9th Cir. 1985)). "The basic

question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Nw. Env't Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988). When a claim is deemed to be moot, the court must dismiss it for lack of subject matter jurisdiction. *Ruvalcaba v. City of Los Angeles*, 167 F.3d 514, 521 (9th Cir. 1999). The mootness doctrine is to be applied "flexibly, particularly where the issues remain alive, even 'if the plaintiff's personal stake in the outcome has become moot.'" *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1087 (9th Cir. 2011) (citation omitted).

**B.     Mootness in the Class Action Context**

Courts often apply mootness flexibly in class actions. *Id.* For example, in cases where the named plaintiff's claim has become moot, but a class has "acquired a legal status separate from the interest asserted by [the named plaintiff]" through certification, the case is not moot. *Id.*; *Sosna v. Iowa*, 419 U.S. 393, 399 (1975). Prior to certification, whether mooting the named plaintiff's claim moots the case "depend[s] upon the circumstances of the particular case."  *See Pitts*, 653 F.3d at 1087 (quoting *Sosna*, 419 U.S. at 402 n.11); *id.* at 1090 (stating that prior to certification, "mooting the putative class representative's claims will not necessarily moot the class action"); *see also Clausen L. Firm, PLLC v. Nat'l Acad. of Continuing Legal Educ.*, 827 F. Supp. 2d 1262, 1267 (W.D. Wash. 2010) (discussing the flexibility and fact-intensive nature of mootness in the class action context).

The Ninth Circuit has dismissed class action claims as moot where the named plaintiffs have affirmatively chosen to settle or dismiss their individual claims pre-certification. In *Smith*, the plaintiffs seeking to represent the class voluntarily settled their individual claims prior to class certification. *Smith v. T-Mobile USA Inc.*, 570 F.3d 1119, 1122 (9th Cir. 2009). On appeal, the court held that the voluntary settlement mooted the case because plaintiffs did "not retain a personal stake in the appeal so as to preserve [the court's] jurisdiction." *Id.* at 1122-23.

Page 4 — OPINION AND ORDER

Similarly, in *Anchor Capital*, the named plaintiffs voluntarily dismissed their claims prior to class certification. *Employers-Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Anchor Cap. Advisors*, 498 F.3d 920, 924 (9th Cir. 2007). The court determined that "the personal claims of all named plaintiffs [were] satisfied" and thus the case "must as a general rule be dismissed for mootness." *Id.* (quoting *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1045 (5th Cir. 1981)).

The Ninth Circuit has not yet addressed the withdrawal of a named plaintiff pre-certification where they seek to step down as class representative, and a substitute is available to take on the role of named plaintiff. In such circumstances, several district courts have applied mootness flexibly and declined to dismiss the case where it remained functionally live. *See, e.g.*, *Aguilar v. Boulder Brands, Inc.*, No. 12-01862, 2014 WL 4352169, at *7-8 (S.D. Cal. Sep. 2, 2014) (allowing for leave to substitute a second named plaintiff where the first did not want to continue and declining to apply a "formalistic lens" to moot the case); *Castillo v. United Rentals (N. Am.), Inc.*, No. 17-1573, 2018 WL 3429936, at *3-4 (W.D. Wash. Jul. 16, 2018) (holding "that pre-certification substitution can occur where, as here, there is a live case and controversy and an immediately-available replacement"); *Fife v. Sci. Games Corp.*, No. 18-00565, 2020 WL 4933959, at *2 (W.D. Wash. Aug. 24, 2020) (holding that the case was not dismissed merely because a party "did not want to be saddled with the duties that come with being a named plaintiff and class representative" and another party was willing to assume the role of named plaintiff); *see also Phillips v. Ford Motor Co.*, 435 F.3d 785, 787 (7th Cir. 2006) (explaining that a class member who steps forward to take the place of a named plaintiff mitigates against any possible "jurisdictional void" caused when the named plaintiff steps down).

Other district courts have found cases moot in similar contexts. *See, e.g., Hitt v. Ariz. Bev. Co.*, No. 08-809, 2009 WL 4261192, at *5 (S.D. Cal. Nov. 24, 2009) (denying leave to amend because the case became moot when the named "[p]laintiff . . . informed her counsel that she no longer wishe[d] to prosecute her action" and the class was not yet certified); *De La Cueva v. Alta Dena Certified Dairy, LLC*, No. 12-1804, 2013 WL 12129947, at *3 (C.D. Cal. May 9, 2013) (declining to substitute a class representative pre-certification where it would create "two distinct, at best peripherally related, actions" in a discrimination claim and a wage and hour claim); *Miller v. Mercedez-Benz USA LLC*, No. 06-05382, 2009 WL 1393488, at *1-2 (C.D. Cal. May 15, 2009) (denying substitution of a named plaintiff disapproving of the "bait-and-switch tactic" of substituting a named plaintiff pre-certification after substantive litigation).

### C.    Wilson's Claims

Here, Wilson has not settled, voluntarily dismissed, or satisfied his individual claims, so *Anchor Capital* and *Smith* do not require dismissal of this case. Unlike the named Plaintiff in *Hitt*, Wilson has not "informed [his] counsel that [he] no longer wishes to prosecute [his] action." *Cf. Hitt*, 2009 WL 4261192, at *5. Wilson's failure to remain in contact with his counsel does not terminate his personal stake in this case, relinquish his interest, or settle his claims. His claims have not been satisfied or resolved and are therefore live. Counsel represents that Wilson will be a member of the proposed class and counsel's ability to represent Plaintiff did not expire upon Wilson's failure to appear for his deposition. *Fife*, 2020 WL 4933959, at *2. Counsel timely moved to substitute DeCoster within two weeks of Wilson's failure to show up for his deposition. Moreover, DeCoster, an existing member of the proposed class, is prepared and willing to step in and take over as the class representative. *Cf. Fife*, 2020 WL 4933959, at *2. DeCoster's readiness to step in as the named plaintiff and Wilson's status as a putative class

member weigh against any possible jurisdictional void in this case. Defendant's motion to dismiss for lack of subject matter jurisdiction is denied.

## II.    Plaintiff's Motion for Leave to Amend

Plaintiff moves for leave to amend the complaint under Rule 15 and Rule 16 of the Federal Rules of Civil Procedure. Plaintiff seeks to substitute DeCoster as named plaintiff and proposed class representative in Wilson's place. DeCoster worked as a barista at a Safeway store in Beaverton, Oregon, between June 2024 and February 2025. Pl.'s Mot. Leave File Am. Compl. Ex. 2 ("Proposed Am.") ¶ 13, ECF No. 53-2. Defendant argues that amendment would be unduly prejudicial.

### A.    Rule 15

Under Rule 15, a "court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). A district court should apply Rule 15's "policy of favoring amendments . . . with extreme liberality." *Price v. Kramer*, 200 F.3d 1237, 1250 (9th Cir. 2000) (quotation marks omitted). The purpose of the rule "is 'to facilitate decision on the merits, rather than on the pleadings or technicalities.'" *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015) (quoting *Chudacoff v. Univ. Med. Ctr. of S. Nev.*, 649 F.3d 1143, 1152 (9th Cir. 2011)). A district court, however, may, within its discretion, deny a motion to amend "due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment.'" *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (alteration in original) (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008)). "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Page 7 — OPINION AND ORDER

"The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

An amendment that adds claims does not by itself demonstrate prejudice to defendants. *Id.* at 186. Courts have frequently found undue prejudice where plaintiffs seek to add new claims or assert new theories of their case at a late stage in the litigation. *See, e.g.*, *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (affirming a finding of undue prejudice where the plaintiff's amended complaint set forth new claims that would greatly alter the nature of the litigation and require defendants to undertake an entirely new course of defense "at a late hour"); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989) (finding undue prejudice where the plaintiff's amendment would put the defendant "through the time and expense of continued litigation on a new theory, with the possibility of additional discovery" and the court had already given Plaintiff a prior opportunity to amend); *Roberts v. Ariz. Bd. of Regents*, 661 F.2d 796, 798 (9th Cir. 1981) (affirming a finding of undue prejudice where an additional issue "was raised at the eleventh hour, after discovery was virtually complete and the [defendant's] motion for summary judgment was pending before the court"); *cf. DCD Programs*, 833 F.2d at 187-88 (stating that adding a new defendant would not cause prejudice because the case was still at the discovery stage, with no trial date pending or pretrial conference scheduled).

Plaintiff's motion to amend comes early in the litigation. The discovery deadline is 180 days from the date of this Order and class certification motions are due within 90 days of this Order. ECF No. 62. Plaintiff's proposed amendment advances the same three counts against Defendant. Pl.'s Mot. Leave File Am. Compl. Ex. 1 ("Redline Compl.") 11-14, ECF No. 53-1. The amendment does not make meaningfully different class allegations from those in the original

complaint. Redline Compl. 7-10. Both allege that Defendant failed to give notice, provide compensation, and threatened to discipline the Hourly Employees and the named plaintiff despite variations in their precise job duties and locations. Redline Compl. 7-10.

The proposed amendment contains factual allegations not raised in the original complaint. DeCoster alleges that he worked fifteen to twenty-one hours per week during his employment, while Wilson alleges that he worked twenty hours per week for the first two months of his employment after which he worked thirty-five to forty-one hours per week. Redline Compl. ¶¶ 29-30. DeCoster alleges that Defendant posted the barista schedule two weeks prior to the first shift scheduled but changed the schedule daily or through a nontransparent process. Redline Compl. ¶¶ 33-34. Wilson alleges that Defendant posted his schedule between two days and two weeks from the first shift listed on the schedule but changed the schedule daily based on handwritten changes by management. Compl. ¶¶ 31-35. DeCoster alleges that on multiple occasions, he received less than three days' notice prior to Defendant requiring him to cover shifts of other baristas who called out from previously scheduled shifts and that the Hourly Employees similarly had to cover employees who called out. Redline Compl. ¶¶ 35, 43. Wilson alleges that on multiple occasions, he and the other Hourly Employees arrived for shifts that were cancelled after being listed on the schedule the day prior. Redline Compl. ¶¶ 35, 41. Finally, DeCoster alleges that Defendant wrote him up for a "no call no show" for shifts that he missed while on vacation approved by Defendant and for shifts that he was never notified of. Redline Compl. ¶ 37. Wilson alleges Defendant wrote him up for a "no call no show" for shift that was added the night before or morning of the shift without notice to Wilson. Compl. ¶ 38.

Page 9 — OPINION AND ORDER

Defendant argues that the new allegations are prejudicial because they implicate an exemption from Oregon's predictive work scheduling law. *See* 51 Or. Rev. Stat. § 653.455(3)(k) (exempting an employer's request that an employee cover shifts in certain situations from additional compensation requirements). Assuming that is true, Defendant has ample time to investigate the applicability of those provisions to Plaintiff's claims. Defendant further argues the new allegations completely change the facts underlying the claim. The Court disagrees. While the proposed amendment adds new allegations, these allegations do not alter the fundamental theories of the claim. Neither does the fact that DeCoster worked as a barista in Beaverton while Wilson worked as a deli clerk in Coos Bay. Both Wilson and DeCoster were hourly employees protected under Oregon's predictive scheduling and wage laws. Compl. ¶¶ 2-3, 13, 79, 86; Proposed Am. ¶¶ 14, 24, 78, 82. Both allege that their department-specific schedule was changed daily, with little to no notice. Compl. ¶¶ 36-37; Proposed Am.¶¶ 33-35. Both allege having to work additional hours with less than a day's notice, under threat of discipline, and without receiving additional compensation. Compl. ¶¶ 39-41; Proposed Am. ¶¶ 38-40.

Nor has Defendant expended an amount of resources investigating Wilson's claim such that amendment would be unfair. At the time of Plaintiff's motion, Defendant produced fewer than 500 pages of documents in response to Plaintiff's Interrogatories and Requests for Production. White Decl. ¶ 5. Of the discovery produced, approximately 131 documents were specifically related to Wilson. Def.'s Opp. Pl.'s Mot. Leave Am. at 15, ECF No. 56; Curtis Decl. ¶ 9, ECF No. 57. Defendant filed a motion to dismiss and a motion to certify a question to the Oregon Supreme Court in this case, but those motions centered on statutory construction issues that are not unique to Wilson or DeCoster. Defendant emphasizes the fact that it moved to

dismiss Wilson's claims as speculative, but the Court's rejection of that argument applies with equal weight to DeCoster's similar allegations. *Compare* Op. & Order 8, ECF No. 36, *and* Compl. ¶¶ 40, 46, 102, *with* Redline Compl. ¶¶ 39, 45, 99 (showing that the allegations Defendant argued were speculative are identical in the proposed amended complaint).

The parties are still in the early stages of litigation. Plaintiff filed the motion for leave to amend a month and a half before the motion for certification deadline, which the Court has now extended until 90 days after this Order. Pl.'s Mot. Leave File Am. Compl. 1; ECF No. 42; ECF No. 62. Plaintiff acted promptly when Wilson failed to attend his deposition and the motion for leave to amend comes within a year of this case's removal to federal court. White Decl. ¶¶ 13, 15; Notice of Removal 1, ECF No. 1. The Court finds Plaintiff did not act with undue delay or bad faith. Defendant does not argue amendment would be futile. Considering the amended complaint does not assert a new cause of action against Defendant, Defendant has not invested inordinate resources investigating facts or theories unique to Wilson's claim, and Defendant has ample time to investigate the factual variations between Wilson's and DeCoster's allegations, Defendant has not shown that amendment is unduly prejudicial.

### B.    Rule 16

Amendment is proper under Rule 16, because good cause exists to modify the scheduling orders in this case. Fed. R. Civ. P. 16(b)(4). Wilson's failure to remain in touch with counsel was not foreseeable, considering his responsiveness in the months leading up to his deposition, White Decl. ¶¶ 4, 8, and Counsel promptly sought amendment, White Decl. ¶¶ 10-13.

### C.    Defendant's Proposed Conditions

Defendant asks this Court to impose conditions on any leave to amend, including (1) compelling a new deposition of Wilson and (2) awarding Defendant $27,714.99 in costs and fees it incurred because of Wilson's failure to appear at his deposition. While Rule 15 does not

explicitly permit a court to impose costs or sanctions on a party, the court may condition leave to amend on reasonable terms to compensate the opposing party for costs incurred because of defects in the original pleading. *General Signal Corp. v. MCI Telecomms. Corp.*, 66 F.3d 1500, 1514 (9th Cir. 1995) (citing *Firchau v. Diamond Nat'l Corp.*, 345 F.2d 269, 275 (9th Cir. 1965)).

Plaintiff here seeks leave to amend not because of defects in the original pleading, but because of Wilson's conduct in failing to appear for his deposition. Both cases cited by Defendant in support of its proposed conditions deal with discovery motions and not motions for leave to amend. *Rosen v. Sec. Benefit Life Ins. Co.*, No. 25-00036, 2025 WL 2377011, at *3 (C.D. Cal. June 2, 2025); *Gallegos v. Atria Mgmt. Co.*, No. 16-888, 2016 WL 11824850, at *1, 9 (C.D. Cal. Nov. 14, 2016). The Court declines to impose Defendant's conditions because such relief is more appropriately sought under the discovery rules and in a separately stated motion. *See* L-R 7-1(b).

## CONCLUSION

For the reasons discussed above, Plaintiff's Motion for Leave to File an Amended Complaint (ECF No. 53) is GRANTED and Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (ECF No. 54) is DENIED.

DATED this 8th day of June 2026.

_____
MUSTAFA T. KASUBHAI (he/him)
United States District Judge

Page 12 — OPINION AND ORDER