UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DONOVAN DECOSTER, *Individually and For Others Similarly Situated*,

Plaintiff,

v.

SAFEWAY INC., *a Delaware corporation*,

Defendant.

Case No. 6:25-cv-00478-MTK

**ORDER**

**KASUBHAI,** United States District Judge:

Defendant Safeway, Inc. ("Defendant") moves to sanction the former named Plaintiff in this case, Jason Wilson ("Wilson"), and Plaintiff's counsel for Wilson's nonappearance at his January 26, 2026, deposition. Defendant also moves to compel Wilson's deposition. For the reasons discussed below, Defendant's Motion to Compel and for Sanctions (ECF No. 75) is denied.

## BACKGROUND

The parties are familiar with the background underlying the instant motion as discussed in the Court's June 8, 2026, Order granting Plaintiff leave to file an amended complaint substituting Donovon DeCoster as named Plaintiff in place of Wilson. Op. & Order 12, ECF No. 64. The Court incorporates that background and supplements it as necessary in its discussion below. Following that opinion, Defendant used the Court's informal discovery dispute process to renew its request for sanctions against Wilson and Plaintiff's counsel as well as a court order

compelling Wilson to sit for a deposition. The Court authorized formal briefing on the issue. Defendant filed two briefs, which appear to be identical, supported by two different declarations. ECF Nos. 73, 75. The Court construes Defendant's later brief (ECF No. 75) as the operative motion for sanctions and to compel Wilson's deposition, and the Court strikes the first brief (ECF No. 73) as duplicative.

## DISCUSSION

### I. Motion for Sanctions

The court may order sanctions against a party who fails to appear for its properly noticed deposition. Fed. R. Civ. P. 37(d)(1)(A)(i). When the court levies sanctions, it generally "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* (d)(3). An award of attorney's fees under Rule 37(d) is within the discretion of the district court and will stand unless it is based on clearly erroneous legal or factual findings. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946 (9th Cir. 1993).

Defendant seeks sanctions in the amount $31,702.99 against Wilson and against Plaintiff's counsel.

#### A. Sanctions against Plaintiff's Counsel

Defendant seeks sanctions against Plaintiff's counsel, arguing that the fact that Wilson's nonappearance at his deposition was outside counsel's control does not provide an equitable basis to excuse a fee award against Plaintiff's counsel. The Court disagrees. In considering Rule 37 sanctions, the Ninth Circuit has held that "it is improper to dismiss a claim or to exclude evidence if the failure to comply with a discovery order is due to circumstances beyond the disobedient party's control." *Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 783

n.8 (9th Cir. 1983); *see also Sali v. Corona Reg'l Med. Ctr.*, 884 F.3d 1218, 1224 (9th Cir. 2018) (citing *Falstaff* in the context of sanctioning a party who failed to secure a nonparty's attendance at a deposition in violation of Rule 37). While *Falstaff* involved more severe sanctions than those requested by Defendant here, the *Falstaff* Court's warning that "Rule 37 sanctions must be tempered by due process," 702 F.2d at 783 n.8, informs this Court's view of whether sanctioning Plaintiff's counsel is just under the circumstances. The Court has already found that Plaintiff's counsel acted promptly and without undue delay or bad faith in notifying Defendant of Wilson's nonappearance and that Wilson's nonappearance was not foreseeable. Op. & Order 11. Under these circumstances, the Court finds that a sanction against Plaintiff's counsel would be unjust and declines to sanction Plaintiff's counsel.

**B. Sanctions Against Wilson**

The Court understands that Defendant incurred costs as a result of Wilson's nonappearance but declines to issue sanctions against Wilson at this time. The record is devoid of evidence suggesting why Wilson failed to attend his deposition. Wilson's disappearance and noncommunication with counsel raise genuine questions as to whether Wilson has had an opportunity to respond to Defendant's request for sanctions. Defendant's motion for sanctions against Wilson is denied with leave to renew should Defendant discover more information as to Wilson's nonappearance or provide evidence that Wilson has notice of Defendant's request for sanctions and an opportunity to respond.

**II. Motion to Compel**

Although Wilson was named Plaintiff when Defendant noticed his deposition under Rule 30, he is no longer named Plaintiff and is instead a putative class member. Ordinarily, an order directing a nonparty to appear must proceed through a Rule 45 subpoena. *Sali*, 884 F.3d at 1222.

Several courts have compelled a named party to sit for a deposition that was properly noticed when the plaintiff sought amendment to withdraw from the case. *See, e.g.*, *Benanav v. Healthy Paws Pet Ins. LLC*, No. 20-421, 2023 WL 5227702, at *10 (W.D. Wash. Aug. 15, 2023) (stating that a former named plaintiff "should not be permitted to walk away from his discovery obligations" by withdrawing); *Sherman v. Yahoo! Inc.*, No. 13-41, 2015 WL 473270, at *7 (S.D. Cal. Feb 5, 2015) (conditioning dismissal on deposition due to the prejudice to the defendant); *Floyd v. Amazon.com Inc.*, No. 22-1599, 2024 WL 3845869, at *3-4 (W.D. Wash. Aug. 16, 2024) (conditioning withdrawal on a deposition because the discovery was relevant and the defendant would be prejudiced otherwise). *But see Doe v. Ariz. Hosp. & Healthcare Ass'n*, No. 07-1292, 2009 WL 1423378, at *13-14 (D. Ariz. March 19, 2009) (declining to condition withdrawal on a deposition because of the availability of other class representatives to be deposed and the lack of prejudice to the defendant); *In re MGM Resorts Int'l Data Breach Litig.*, No. 20-376, 2024 WL 1440902, at *4 (D. Nev. April 2, 2024) (declining to condition dismissal on deposition because the defendant would not be unfairly prejudiced).

The Court has already allowed Wilson to withdraw. There is no evidence Wilson disappeared in an effort to evade his discovery obligations, and the Court has specifically found that Wilson's withdrawal does not cause undue prejudice. Op. & Order 11. The Court declines to compel Wilson's deposition by virtue of his withdrawal as named plaintiff.

Given Wilson's status as a nonparty and his lack of communication with Plaintiff or Plaintiff's counsel, the Court finds that Defendants must proceed with a subpoena directed at Wilson under Rule 45 in order to compel his deposition. *See Sali*, 884 F.3d at 1222 (stating that nonparty depositions "generally can be compelled only by subpoena"). As the cases cited by Defendant acknowledge, the propriety of discovery sought from nonparties under Rule 45

involves different standards than discovery sought from parties. *Rosen v. Sec. Benefit Life Ins. Co.*, No. 25-36, 2025 WL 2377011, at *2 (C.D. Cal. June 2, 2025); *In re Fedex Ground Package System, Inc., Empl. Pracs. Litig.*, 05-527, 2007 WL 733753, at *7 (N.D. Ind. March 5, 2007) (stating that the court must ensure adequate notice is given to nonparties so they are fully informed of a discovery order and the consequences of noncompliance). Proceeding under Rule 45 also implicates different sanctions and defenses for failing to comply. *Sali*, 884 F.3d at 1224.

To the extent Defendant seeks a court order to compel Plaintiff to produce Wilson under Rule 37, the Court denies that request because the record shows that Plaintiff's counsel already made its best efforts to produce Wilson at his first deposition, and no evidence suggests that Plaintiff could now produce Wilson or that Plaintiff's counsel acted with any impropriety in failing to produce Wilson at his first deposition. *See id.* (stating that Rule 37 orders to produce a nonparty witness demand good faith efforts to comply).

**CONCLUSION**

For the reasons discussed above, Defendants' Motion to Compel and for Sanctions (ECF No. 75) is DENIED. Defendant's first filing regarding the motion to compel and for sanctions (ECF No. 73) is STRICKEN as duplicative.

DATED this 5th day of October 2026.

MUSTAFA T. KASUBHAI (he/him)
United States District Judge